**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | ) |
| DONALD L. DAVIS, | ) |
| | ) |
|      **Debtor** | ) |

_____

| | | |
|---|---|---|
| **MICHAEL OLDFIELD**, | ) | |
| | ) | |
|     Appellant/Creditor, | ) | |
| | ) | 2:12cv919 |
|   v. | ) | **Electronic Filing** |
| | ) | |
| **DONALD L. DAVIS**, | ) | (Bankruptcy No. 11-27057-CMB) |
| | ) | |
|     Appellee/Debtor. | ) | |

**MEMORANDUM OPINION**

January 8, 2013

## I.    INTRODUCTION

Before the Court is an appeal by Michael Oldfield ("Oldfield" or "Appellant") from the final judgment of the United States Bankruptcy Court for the Western District of Pennsylvania denying Oldfield's objection to the exemption claimed on a 2002 Harley Davidson motorcycle by Debtor, Donald L. Davis ("Davis" or "Debtor"), avoiding the judgment lien held by Oldfield, and granting Davis' exemption on the Harley Davidson in the amount of $6,250.00. This Court has jurisdiction to hear the appeal from the final order of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a).

## II.    STATEMENT OF THE CASE

Davis voluntarily commenced a Chapter 7 bankruptcy proceeding on November 18, 2011, in the United States Bankruptcy Court for the Western District of Pennsylvania at No. 11-27057.  Listed in Schedule B of Davis' petition was a 2002 Harley Davidson motorcycle valued

at $6,260.00.  In Schedule C of his petition, Davis exempted the full value of the motorcycle

pursuant to 11 U.S.C. § 522(d)(2) and § 522(d)(5).

On or about November 3, 2011, Oldfield obtained a judgment against Davis in the

amount of $4,561.50 in the Court of Common Pleas of Beaver County at Case Number 12896-

2010.  A writ of execution on the judgment was issued on November 4, 2011.  The Beaver

County Sheriff levied on Davis' motorcycle and scheduled a sheriff's sale for November 21,

2011.

Davis filed a Motion to Avoid Judicial Lien under 11 U.S.C. § 522(f) on January 27,

2012, and Oldfield filed a response and an objection to the exemption claimed.  A hearing was

held in the Bankruptcy Court on May 10, 2012.  The Bankruptcy Court filed a Memorandum

Order on May 14, 2012, finding as follows:

> . . . no credible evidence was presented that would give [the motorcycle] a higher monetary value that $6,250.00.  . . Therefore, the 2002 Harley Davidson motorcycle is held to have a value of $6,250.00.

> The value of the judgment lien held by Michael Oldfield is $4,561.50.

> The exemption claim of $6,260.00 on said motorcycle was not proven to be disallowable.

> . . . the judgment lien held by [Oldfield] on [Davis'] personal property, the 2002 Harley Davidson motorcycle, impairs [Davis'] exemption rights.

The Court then avoided the lien held by Oldfield, denied Oldfield's objection to the exemption

claimed on the Harley Davidson, and allowed Davis' exemption on the 2002 Harley Davidson in

the amount of $6,250,00.

## III.   STANDARD OF REVIEW

This Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a).  In undertaking a review of the issues on appeal, a district court reviews the Bankruptcy Court's legal determinations *de novo*, its factual findings for clear error, and its exercise of discretion for abuse thereof.  *In re Trans World Airlines, Inc.*, 145 F.3d 124, 130 (3d Cir. 1998); *see also In re Hechinger*, 298 F.3d 219, 224 (3d Cir. 2002); *In re Telegroup*, 281 F.3d 133, 136 (3d Cir. 2002).  Review of facts under the "clearly erroneous" standard is significantly deferential and requires a "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993).  Mixed findings of fact and conclusions of law must be broken down, and the applicable standards - "clearly erroneous" or *de novo* - must be appropriately applied to each component. *Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir. 1992).  A bankruptcy court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts. *Marco v. Accent Pub. Co.*, 969 F.2d 1547, 1548 (3d Cir. 1992).

## IV.   DISCUSSION

Section 522, in relevant part, states that "an individual debtor may exempt from property of the estate the property listed . . . ." 11 U.S.C. § 522(b)(1).  Once filed, a debtor's exemptions are presumed to be valid. *See In re Reschick*, 343 B.R. 151, 157 (Bankr. W.D. Pa. 2006);  *In re White*, 2009 Bankr. LEXIS 5555, *7 (Bankr. W.D. Pa. Aug. 10, 2009). The Bankruptcy Rules provide that "the objecting party has the burden of proving that the exemptions are not properly claimed" by the debtor. *See* FED. R. BANKR. P. 4003(c).  The burden of production is a shifting one when an objection is raised to a claimed exemption. *In re Hendrickson*, 274 B.R. 138, 149 (Bankr. W.D. Pa. 2002). The objecting party bears both the initial burden of production and the

ultimate burden of persuasion in any controversy regarding the legitimacy of claimed

exemptions. *In re Reschick*, 343 B.R. 151, 156 (Bankr. W.D. Pa. 2006) (citing *In re Carter*, 182

F.3d 1027, 1029-30 n. 3 (9th Cir. 1999)). Therefore, the objecting party must produce evidence

to rebut the presumptively valid exemption. *Id.* (citations omitted). If the objecting party can

produce evidence to rebut the presumption, the burden of production then shifts to the debtor to

come forward with sufficient evidence to demonstrate that the exemption is proper. *Id.* To

prevail, the party objecting to a claimed exemption must prove the impropriety of the exemption

by a preponderance of the evidence. *In re White*, 2009 Bankr. LEXIS 5555 at *8.

      With regard to Oldfield's lien, such liens on exempt property may be avoided under §

522(f)(1)(A) which provides that a debtor may "avoid the fixing of a lien on an interest of the

debtor in property to the extent such lien impairs an exemption to which the debtor would have

been entitled under subsection (b) of this section if such lien is -- (A) a judicial lien. . . ." 11

U.S.C. § 522(f)(1)(A). In order to avoid the lien, four elements must be satisfied:

1. The lien must be a judicial lien;
2. The lien must have fixed on an interest of the debtor in property;
3. The debtor claims and is entitled to exempt that property interest under Section 522(b); and
4. The lien impairs the exemption.

*In re Wansor*, 346 B.R. 147, 148 (Bankr. W.D. Pa. 2006) (citing *In re Tolson*, 338 BR 359

(Bankr. C. D. Ill. 2005)).

      In this instance the Bankruptcy Court specifically found that Oldfield failed to rebut

Davis' presumptively valid exemption in the Harley Davidson.  Moreover, the Bankruptcy Court

found that the motorcycle was properly valued at $6,250.00, the lien was a judicial lien stipulated

in the amount of $4,561.50, and that the lien impaired Davis' exemption in the Harley Davidson.

It is Oldfield's contention that the Bankruptcy Court "relied on Debtor's perjured false []

testimony, fraudulent evidence, false and omitted statements of fact contained in Chapter 7

4

Petition, schedules, and statement of financial affairs, . . .” in allowing Davis to avoid the lien
and in denying Oldfield’s objections to the exemption of the motorcycle.

Oldfield has failed to direct this Court to any evidence that would substantiate his
contentions.  This Court, therefore, is unable to find that the factual determinations of the
Bankruptcy Court were clearly erroneous.  As such, the decision of the Bankruptcy Court must
be affirmed.

**V.**     **CONCLUSION**

Based on the foregoing, the decision of the Bankruptcy Court denying Oldfield’s
objection to the exemption claimed on the 2002 Harley Davidson, avoiding the judgment lien
held by Oldfield, and granting Davis’ exemption on the Harley Davidson in the amount of
$6,250.00 will be affirmed.  An appropriate order follows.

Cercone, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:                                    )
**DONALD L. DAVIS,**                       )
                                          )
      **Debtor**                        )

_____

**MICHAEL OLDFIELD**,                     )
                                          )
     Appellant/Creditor,         )
                                          )      2:12cv919
    v.                               )      **Electronic Filing**
                                          )
**DONALD L. DAVIS,**                       )      (Bankruptcy No. 11-27057-CMB)
                                          )
     Appellee/Debtor.            )

### ORDER OF COURT

AND NOW this 8th day of January, 2013, upon consideration of the appeal from the final

judgment of the United States Bankruptcy Court for the Western District of Pennsylvania

denying Michael Oldfield's objection to the exemption claimed on a 2002 Harley Davidson

motorcycle by Debtor, Donald L. Davis, avoiding the judgment lien held by Oldfield in the

amount of $4,561.50, and granting Mr. Davis' exemption on the 2002 Harley Davidson

motorcycle in the amount of $6,250.00, the response thereto, and the briefs filed in support

thereof, in accordance with the Memorandum Opinion filed herewith,

IT IS HEREBY ORDERED that the decision of the Bankruptcy Court is **AFFIRMED**.

The Clerk shall mark this case closed.

                                s/ David Stewart Cercone
                                David Stewart Cercone
                                United States District Judge

cc:    Michael Oldfield
        614 6th Street
        Beaver, PA  15009
        (*Via First Class Mail*)

John L. Walker, Jr., Esquire
(*Via CM/ECF Electronic Mail*)